UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
*Electronically Filed*

| | | |
|---|---|---|
| **KEVIN DOYLE, KEVIN MUNSEY** AND **KENNETH REYNOLDS**, on behalf of themselves and all others similarly situated | ) ) ) ) | CASE NO. 5:08CV-165-R |
| *Plaintiffs,* | ) ) | |
| v. | ) ) | JURY DEMANDED |
| **CITY OF MURRAY, KENTUCKY,** | ) ) ) | |
| *Defendant.* | ) ) | |

### CLASS ACTION AND COLLECTIVE ACTION COMPLAINT AND JURY DEMAND

COME NOW the Plaintiffs, Kevin Doyle, Kevin Munsey, and Kenneth Reynolds, on behalf of themselves and all others similarly situated, by and through undersigned counsel, for their complaint and jury demand against the defendant, state as follows:

### NATURE OF THE ACTION

1. Upon information and belief, the City of Murray, Kentucky (hereinafter "City") routinely underpays its firefighters who participate in certain education and training programs. Under Kentucky law, the City is required to pay a wage supplement to its firefighters who participate in these education and training programs. Under the Fair Labor and Standards Act ("FLSA") and the Kentucky Wages and Hours Act ("KWHA"), the City must pay its firefighters one-and-one-half times their regular hourly rates for overtime hours. Both the FLSA and KWHA, further, require the City to include the wage supplement in the firefighters' overall compensation when calculating the regular rate of pay. Instead, the City excludes the wage

supplement from its regular rate calculation. The City's practice miscalculates its firefighters' regular rate of pay and, thus, undercounts the amount of overtime owed to many of its firefighters.

2. Kevin Doyle, Kevin Munsey and Kenneth Reynolds (hereinafter "Plaintiffs") are three such firefighters. Plaintiffs bring this collective action to recover unpaid overtime wages and other damages owed to themselves and to other similarly situated employees.

## JURISDICTION & VENUE

3. This Court has original federal question jurisdiction because Plaintiffs' claims arise under federal law – the Fair Labor Standards Act. 28 U.S.C. § 1331 & 29 U.S.C. § 216(b). This Court has supplemental jurisdiction over Plaintiffs' state law claims under the Kentucky Wages and Hours Act because they are so related to Plaintiffs' FLSA claims that they form part of the same case or controversy under Article III of the United States Constitution. 28 U.S.C. § 1367(a).

4. Venue is proper in the Western District of Kentucky, Paducah Division, because Defendant, City of Murray, Kentucky, is a municipal corporation within this district, specifically Calloway County, Kentucky.

## PARTIES

5. Plaintiff Kevin Doyle ("Doyle") is employed by the City as a firefighter. At all times relevant hereto, Doyle is and was a resident of Calloway County, Kentucky. Doyle's written consent is attached hereto as Exhibit A.

6. Plaintiff Kevin Munsey ("Munsey") is employed by the City as a firefighter. At all times relevant hereto, Munsey is and was a resident of Calloway County, Kentucky. Munsey's written consent is attached hereto as Exhibit B.

7. Plaintiff Kenneth Reynolds ("Reynolds") is employed by the City as a firefighter. At all times relevant hereto, Reynolds is and was a resident of Calloway County, Kentucky. Reynolds's written consent is attached hereto as Exhibit C.

8. All firefighters who receive or received incentive pay from the City for participating in education and training programs and work or worked overtime are similarly situated to Plaintiffs (hereinafter "the Firefighters").

9. The City is a municipal corporation within Calloway County, Kentucky. The City can be served with process by serving its mayor, H. Thomas Rushing, Murray City Hall, 104 North 5th Street, Murray, Kentucky 42071. *See* FED. R. CIV. P. 4(j)(2)(A); KY. R. CIV. P. 4.04(7).

## FACTS

10. The City is an employer within the meaning of both the FLSA and the KWHA. 29 U.S.C. § 203(d); KY. REV. STAT. § 337.010(d). Plaintiffs and the Firefighters are or were employees within the meaning of both the FLSA and the KWHA. 29 U.S.C. § 203(e)(1); KY. REV. STAT. § 337.010(e).

11. The City is a public agency within the meaning of Section 3(x) of the FLSA and is, thus, an enterprise within the meaning of Section 3(r)(2)(C) of the FLSA. 29 U.S.C. § 203(r)(2)(C); 29 U.S.C. § 203(x).

12. The City is a public agency within the meaning of Section 3(x) of the FLSA and is, thus, an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(C) of the FLSA. 29 U.S.C. § 203(s)(1)(c); 29 U.S.C. § 203(x).

13. The City is a municipal corporation within Calloway County, Kentucky. As do many municipalities, the City employs a number of firefighters to provide fire protection services

3

to the City's residents.  The City pays its firefighters on an hourly basis and tracks the number of hours they work.

14. The Commonwealth of Kentucky operates a program known as the Kentucky Professional Firefighters Foundation Program Fund (the Program).  The Commonwealth funds the Program by assessing a surcharge on insurance premiums paid to insurers underwriting policies within Kentucky.  Participating local governments are eligible to share in distributions from the Program.  The City is a participant in the Program.

15. To be eligible to participate in the Program, each of the City's firefighters must successfully complete initial and continuing education and training courses.  State law requires the City to use distributions from the Program to supplement its firefighters' pay (wage supplement) for completing this education and training regimen.  The City pays the wage supplement to its firefighters over the course of the year on each payday in equal installments.

16. The City's firefighters regularly work overtime hours during the workweek.  The City routinely shorts Plaintiffs and the Firefighters on their overtime pay by failing to include the wage supplement in the regular rate calculation.

17. Instead, the City calculates overtime compensation at one-and-one-half times its firefighters' base hourly rates without accounting for the wage supplements.  By failing to include the wage supplements in its regular rate calculation, the City shorts its firefighters their proper overtime compensation.

18. The City's failure to include the wage supplements in its regular rate calculation violates the FLSA and the KWHA.

19. The City knows that Plaintiffs and the Firefighters regularly work overtime hours during the workweek.  The City knows the amount of total compensation it pays to its

4

firefighters for the hours they work, including the wage supplements.  The City knows, or shows reckless disregard for whether, its practice of failing to include the wage supplements in its regular rate calculation violates the FLSA and the KWHA.

## CLASS AND COLLECTIVE ACTION ALLEGATIONS

20.     Plaintiffs' bring their FLSA claims as a collective action on behalf of themselves and all others similarly situated as allowed under FLSA § 216(b) (the FLSA Class).

21.     The City's failure to properly pay overtime results from a generally applicable practice.

22.     Like Plaintiffs, the FLSA Class has been denied proper overtime pay by the City's improper practice.  These firefighters participate in the education and training programs, receive wage supplements and regularly work more than forty hours in a workweek.  However, as with Plaintiffs, the City fails to include the wage supplements the FLSA Class earns in its regular rate calculation.  The FLSA Class is entitled to overtime compensation for the same reasons as are Plaintiffs.

23.     The City's failure to properly pay overtime to the FLSA Class results from a common practice.  Notice of this FLSA collective action is, therefore, properly sent to the FLSA Class defined as:

> **All firefighters who received incentive pay from the City for participating in education and training programs and worked overtime hours within the last three (3) years.**

24.     Plaintiffs' bring their KWHA claims as a class action pursuant to Federal Rule of Civil Procedure 23 (Rule 23).  The appropriate class includes all firefighters who received incentive pay from the City for participating in education and training programs and worked overtime hours within the last five (5) years (the KWHA Class).

25. The number and identity of the KWHA Class are determinable from the City's records. Also determinable from the City's records are the hours worked, the rates of pay and the last known addresses for each member of the KWHA Class. Notice of this action may be provided by any means permissible under Rule 23.

26. The proposed KWHA Class is so numerous that joinder of all members of the KWHA Class is impracticable. Upon information and belief, the City currently employs approximately thirty-three (33) full time firefighters. Thus, upon information and belief, the number of full time firefighters that the City has employed over the last five (5) years may easily total one hundred (100) or more.

27. There are questions of law and fact that are common to Plaintiffs and the KWHA Class. Like Plaintiffs, the KWHA Class has been denied proper overtime pay by the City's improper practice. These firefighters participate in the education and training programs, receive wage supplements and regularly work more than forty hours in a workweek. However, as with Plaintiffs, the City fails to include the wage supplements the KWHA Class earns in its regular rate calculation.

28. Similarly, Plaintiffs' claims and the claims of all members of the KWHA Class are identical. The KWHA Class is entitled to overtime compensation for the same reasons as are Plaintiffs. The injuries suffered by Plaintiffs and the KWHA Class are the same or similar and the damages owed to Plaintiffs and the KWHA Class may be calculated using the same or similar formula.

29. Plaintiffs will fairly and adequately protect the interests of the KWHA Class. Plaintiffs have no interests adverse to, or in conflict with, the KWHA Class. Plaintiffs' counsel are experienced and competent in class action litigation as well as wage and hour litigation.

30. As described above, questions of law or fact common to Plaintiffs and the KWHA Class predominate over any questions affecting only individuals. Class treatment is superior to other available methods for fairly and efficiently adjudicating the claims of Plaintiffs and the KWHA Class.

31. A class action will maximize efficiencies for the KWHA Class and conserve judicial resources. Combining the claims of the KWHA Class in one action will eliminate duplication of efforts for the parties and the Court. A class action will, further, allow the KWHA Class to pool their resources and pursue their claims which may be prohibitively small to pursue individually.

## COUNT I
## VIOLATION OF THE FLSA

32. The City violated, and continues to violate, the overtime provisions of the FLSA. The City is aware that its regular rate calculation undercuts its firefighters' pay. Plaintiffs and the FLSA Class, therefore, worked more than forty hours in a workweek without receiving proper overtime compensation are required by the FLSA. 29 U.S.C. § 207. The City acted willfully in failing to pay Plaintiffs and the FLSA Class in accordance with the FLSA.

33. Plaintiffs and the members of the FLSA Class are therefore entitled to their unpaid wages, liquidated damages, attorney's fees and costs. 29 U.S.C. § 216(b).

## COUNT II
## VIOLATION OF THE KWHA

34. The City violated, and continues to violate, the overtime provisions of the KWHA. The City is aware that its regular rate calculation undercuts its firefighters' pay. Plaintiffs and the KWHA Class, therefore, worked more than forty hours in a workweek without receiving proper overtime compensation as required by the KWHA. KY. REV. STAT. § 337.285.

The City acted willfully in failing to pay Plaintiffs and the KWHA Class in accordance with the KWHA.

35.   Plaintiffs and the members of the KWHA Class are therefore entitled to their unpaid wages, liquidated damages, attorney's fees and costs.  KY. REV. STAT. § 337.385(1).

## PRAYER FOR RELIEF

36.   **WHEREFORE**, the Plaintiffs, individually and on behalf of all other similarly-situated employees, pursuant to Sec. 216(b) of the FLSA, and the Kentucky Wages and Hours Act, pray for the following relief

   a.   That pursuant to 29 U.S.C. Sec. 216(b), at the earliest possible time, they be allowed to give notice, or that the Court issue such Notice to all persons who are presently, or at any time during the five (5) years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, been employed as a firefighter by the City.  Such notice shall inform them that this action has been filed and of their right to opt into this lawsuit if they were not paid compensation for time worked and/or overtime for time worked in excess of forty hours per week;

   b.   Certification of a class pursuant to Rule 23 as defined above;

   c.   That Plaintiffs and the class and collective action members be awarded damages in the amount of their respective unpaid compensation as provided by the FLSA and the KWHA, plus an equal amount of liquidated damages and/or prejudgment interest as provided by the FLSA and KWHA;

  d. Reasonable attorneys' fees;

  e. The costs and expenses of this action;

  f. Such other, further legal and equitable relief, including but not limited to, any injunctive and/or declaratory relief, to which they may be entitled.

    Respectfully submitted,

    **FRANKLIN GRAY & WHITE**

    */s/ Matthew L. White*
    Matthew L. White
    Mark K. Gray
    Franklin Gray & White
    505 W. Ormsby Avenue
    Louisville, Kentucky 40203
    Telephone (502) 637-6000
    Facsimile (502) 637-1413

    **BRUCKNER BURCH PLLC**

    Richard J. (Rex) Burch
    *Admitted Pending Pro Hac Vice*
    1415 Louisiana Street, Suite 2125
    Houston, Texas  77002
    Telephone (713) 877-8788
    Facsimile (713) 877-8065